IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER LEWIS LOGUE, Sr.,

        Plaintiff,

    v.                          CASE NO. 13-3151-SAC

SALINE COUNTY, KS
SHERIFF DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Saline County Jail in Salina, Kansas. The case was filed by Mr. Logue in the United States District Court for the Western District of Missouri, and that court transferred the matter to this district court. Having considered the materials filed, the court finds that the complaint is deficient and gives plaintiff time to cure the deficiencies.

**FILING FEE**

The transferor court granted plaintiff provisional leave to proceed in forma pauperis subject to modification by this court. The court modifies the order. The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00, or for one granted leave to proceed in forma pauperis it is $350.00. Plaintiff has neither paid the fee

1

nor submitted an adequately-supported Motion to Proceed without Prepayment of Fees. This action may not proceed until the filing fee is satisfied in one of these two ways. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion that contains an affidavit described in subsection (a)(1), together with a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Local court rule requires that this motion be submitted upon court-approved forms. The clerk is directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a).

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available.[1] If Mr. Logue does not satisfy the filing fee within the time prescribed by the court, this action may be dismissed without prejudice and without further notice.

---

[1] Pursuant to § 1915(b)(2), the finance office of the facility where plaintiff is currently confined would be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual background for his complaint, Mr. Logue alleges as follows. In November 2012, while he was confined at the Saline County Jail, Officer Sites grabbed his Quran and scolded him by saying: "This is an evil book, and all Muslims are an evil murderous race." Sites also asked plaintiff how he could read and practice such a religion. Plaintiff seeks $10,000,000 in punitive damages and parole as a result of this incident.

**SCREENING**

Because Mr. Logue is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However,

3

the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## **DISCUSSION**

The court finds plaintiff's complaint is deficient in several respects. First, plaintiff does not specify any federal constitutional right in the complaint and assert that it was violated.

Second, Mr. Logue alleges no facts indicating that what occurred was other than a brief, isolated incident. He does not allege that his Quran was confiscated or destroyed. With respect to what was said to plaintiff, words spoken by a jail guard, even if inappropriate and unprofessional, without more, do not amount to a federal

4

constitutional violation. *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(holding that sheriff's action in laughing at detainee and threatening to hang him were not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)("[A] petitioner must allege more than that he has been subjected to verbal taunts however distressing in order to make a claim that jailers have . . . deprived the petitioner of his constitutional rights."); see also *Ragland v. Romer*, 73 F.3d 374 (Table)(10th Cir.), *cert. denied*, 518 U.S. 1025 (1996)(unpublished order cited for reasoning)("Courts have consistently held that acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.").

Third, plaintiff sues five defendants, but the only defendant alleged to have taken part in the incident is Officer Sites. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th

Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir.1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Plaintiff does not allege facts showing the direct personal participation of any defendant other than Sites.

Fourth, plaintiff seeks millions of dollars in punitive damages. However, he alleges insufficient facts in support. Punitive damages "are to be awarded only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Finally, to the extent that plaintiff seeks release on parole, his claim fails because the named defendants are not shown to have authority to grant him parole release. Moreover, a claim for release from confinement is not cognizable in a § 1983 action, and may only be sought in a habeas corpus petition.

For all the foregoing reasons, the court finds that this action is subject to dismissal under 28 U.S.C. § 1915A(a) and (b); as well as 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Plaintiff is given time to show cause why this action should not be dismissed for the reasons set forth herein. If he fails to show good cause within the time allotted, this action will be dismissed without further notice and will count as a strike against

Mr. Logue pursuant to 28 U.S.C. § 1915(g).[2]

Plaintiff's motion for appointment of counsel (Doc. 3) is denied because it is unlikely that the complaint will survive screening.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $400.00 in full or submitting a properly completed and supported motion for leave to proceed without prepayment of fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied, without prejudice.

The clerk is directed to send IFP forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2013, at Topeka, Kansas.

---

2   Section 1915(g) of 28 U.S.C. provides:

>   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

**s/Sam A. Crow**
**U. S. Senior District Judge**